ELECTRONICALLY FILED
2025 May 06 9:20 AM - 18CV-1946
Adam T. Dodd, Clerk & Master



Exhibit I

**Punished 4 Protecting Inc.**

501©4 nonprofit charitable organization

Email: Nationalcoalitionfc.CPSreform@yahoo.com

Website: https://punished4beingaparent.com

**RECEIVED**

SEP 2 2 2025

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

February 14, 2024

Clients name: Heather Neisen

Opposing party: Father Rohmfeld

Subject child/ren:

C. H. R. (10/17/2007), K. H. R. (07/16/2009),

M. H. R. (09/10/2012

Where applicable as children suffer trauma during court battles and any separation from family

Circuit court

116 West Lytle St., Murfreesboro, TN 37130

USDOJ non compliance complaint for ADA violations and civil rights violations

Case name: Neisen vs. Rohmfeld

Current File/Case number: 18CV-1946

Please also see:

Exhibit A.

ADA Accommodation letter

Exhibit B. C

diagnosis Heather Neisen

PTSD and pregnancy

The court disallowed ADA advocate and all my Accomodations all three days.. 02/05/2024, 02/06/2024 and -02/07/2024. Heather Neisens Diagnosis is ptsd and currently pregnant.

Serious ADA violations and denial of rights have taken place.
Heather Neisen
 has been diagnosed with PTSD, and she is pregnant and this is causing extreme trauma and unnecessary pain and suffering. Her children are with the abuser, while mom has a protection order against her for absolutely no reason for the courts falsely diagnosing the mother and weapon her being a victim of abuse, as well as subjecting judgment.

Likewise The only accommodation she was "allowed" were breaks (even when they were forced upon her) and ability for her to use web access without her ada advocate and without breaks when she actually needed them.

Without the ADA advocate, who is trained in trauma, the client was unable to get the necessary trauma assistance; likewise, the ADA advocate is the one who normally will call the brakes. Because the ADA advocate was unable to observe. the client, the client was in trauma, the whole time, this violated her rights, as well as the fact that she didn't have equal footing in the court.

The older two children were forced to talk to the judge, despite the trauma they've endured.

The youngest of the three is still in Texas where her 504 is still not being adhered to.

The diagnosis is still
 The PTSD was used against the the client by opposing counsel

The lack of CART, in addition to not having the ADA advocate, put the client at a disadvantage. The client's attorney stated that she had to pay someone to transcribe whatever was recorded.

This court does not have a designated and named ADA versed coordinator as required by federal mandate.

An Effective ADA Coordinator

The regulations require state and local governments with 50 or more employees to designate an employee responsible for coordinating compliance with ADA requirements. Here are some of the qualifications that help an ADA Coordinator to be effective:

- familiarity with the state or local government's structure, activities, and employees

- knowledge of the ADA and other laws addressing the rights of people with disabilities, such as Section 504 of the Rehabilitation Act, 29 U.S.C. § 794

The letter was emailed to the court on November 24, 2023 give me the Court plenty of time to make these preparations that are mandated and required under the United States, Department Of Justice and the federal codifications of the ADA title II

I am one of two forensic Expert National ADA advocates and I am in demand. I take all my cases virtually. I ended up traveling to the court to observe the proceedings on Friday January 13, 2024.

This not only violated my client's rights and caused further unnecessary trauma to my client and her children, but brings financial burdens to the client that are likewise unacceptable.

1 Department of Justice Nondiscrimination on the Basis of State and Local Government Services Regulations, 28 C.F.R. pt. 35, § 35.107(a) (2005). See www.ada.gov/reg2.htm for the complete text of the Department of Justice's Title II regulation.

This is a blatant disregard and disrespect to people with invisible injuries and diagnosed disabilities.

Despite invoking ADA rights for accommodations for Heather Neisen please see (exhibit A). ADA Accommodations letter

## We are requesting that this court is audited at once

**Circuit court**
**116 West Lytle St.,**
**Murfreesboro, TN 37130 be**.

Under ADA title ii 28.CFR 35.104 regarding all forms of communication.

No court can prevent ADA access to a federally protected class member or recordings audio and visual during mitigation under the ADA.

First, it is important to note that understanding a disability and accommodating disability rights are two separate items. The USDOJ technical support line is the authority to provide guidance on how the court facilitates equal access and avoids perpetuating any discriminatory practices. The interactive nature of the court proceedings is reflective of how individuals who engage with the court officers exercise rights, defend their case, and fulfill obligations imposed. Communication
28 CFR §35.160(b)(2) which states (in part) "In determining what types of auxiliary aids and services are necessary, a public entity shall give primary consideration to the requests of individuals with disabilities. In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."
Example CART or ADA advocate intervening when necessary such as calling breaks or ensuring the court is not in any ADA or ADAAA violations under title ii
In 2002, the American Bar Association House of Delegates passed a resolution urging all courts to make their services fully accessible to all impairments, whether obvious or invisible (Hurder, 772). This was ahead of its time, and it highlights the importance of advocates in ensuring that litigant rights are respected in the courts.

Furthermore, the ADAAA is clear that advocates must be protected from harassment, intimidation, or any attempt to interfere with their advocacy for those with special needs. Please note that the ADA advocates will be included in all communications, so if you require confirmation of consent, this statement serves that purpose.

Tennessee v. Lane

"A state shall not be immune under the 11th Amendment of the Constitution of the United States from an action in federal or State court of competent jurisdiction for a violation of this chapter. In any action against a State for a violation of the requirements of this chapter, remedies (including both remedies at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State 42 USC §12202."

* 2002, The American Bar Association House of Delegates passed a resolution urging all courts to make their services FULLY accessible. They included all impairments whether obvious or invisible (Hurder, 772)

ADA law

Here are some Hallmarks of the ADA/ADAAA, some of which the court has already erred on.

The ADA and its amendments demand privacy and independence in all forms, including medical information. Any diagnosis is strictly forbidden under the ADAAA to be weaponized against the protected class member as this would constitute a denial of civil rights/a discriminatory action. See 28 CFR 35.160(b)(2) . The ADA and its amendments can include ADHD, PTSD, thyroid and any visible or invisible injuries. These things are created and exacerbated by the extreme stress in family court,

Federal Law 42 U.S.C 12203 et.seq. protecting advocates against any retaliation, coercion, threats and intimidation…"It shall be unlawful to coerce, intimidate, threaten, or interfere, with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed , or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter." "No litigant is to be forced to accept an accommodation preventing the advocate or attorney-in-fact from acting fully and completely in the best interest of the litigant pursuant to 42 U.S.C 12201.

Two fundamental principles under Title II of the ADA and Section 504 are:

(1) individualized treatment; and (2) full and equal opportunity.

Both principles are of particular importance to the administration of child welfare programs & public services.

Individuals with disabilities must be treated fairly and not measured by a bias or discriminatory standard. Facts and objective evidence must be leaned on. Persons with disabilities may not be treated on the basis of generalizations or stereotypes.

Retaliation: No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a change, testified, assisted, or participated in any manner in an investigation, proceedings, or hearing under the chapter.

Interference, coercion, or intimidation: It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

Remedies and procedures: The remedies and procedures available under sections 12117, 12133, and 12188 of this title shall be available to aggrieved person for violations of subsections (a) and (b) of the section, with respect to subchapter 1, subchapter II and subchapter III of this chapter, respectively. (THIS chapter refers to the ADA)
29 C.F.R. § 1630.12 - Retaliation or coercion
CASE LAW re. Immunity in the judiciary."

Forrester v. White:
The SCOTUS refused to attach judicial immunity to a judge's firing of a court employee as it was administrative in nature.
Stump v. Sparkman;
The SCOTUS held that judges CAN be held liable for damages where actions are administrative in nature.

Sec. 12202. State immunity
A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter. In any action against a State for a violation of the requirements of this chapter, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State.

Further under the ADA and its amendments:

If the Attorney General has reasonable cause to believe that

(i) any person or group of persons is engaged in a pattern or practice of discrimination under this subchapter; or

(ii) any person or group of persons has been discriminated against under this subchapter and such discrimination raises an issue of general public importance, the Attorney General may commence a civil action in any appropriate United States district court.

(2) Authority of court

In a civil action under paragraph (1) (B), the court—

(A) may grant any equitable relief that such court considers to be appropriate, including, to the extent required by this subchapter—

(i) granting temporary, preliminary, or permanent relief;

Harms caused due to no ADA Access

1. Plain English, slowly spoken while in trauma from false allegations and removal of child, is often impaired by invisible injuries and must have no further complications from "litigation language." Much traditional legal language is Latin, a dead language that is not useful, and reflects an exclusive appearance that shuns and often confuses pro se litigants.

2. Equal access to discovery and all rules of court
need to be followed especially for self-represented litigants with disabilities.

3. Litigants with disabilities such as ADHD or PTSD may need extended deadlines for legal filings if they are symptomatic. PTSD or any traumatic event imposes an additional burden in working through traumatic memory and physiological symptoms that must be aided by flexibility in the court's handling of filing deadlines.

Application of ADA and ADAAA and Privacy:

The ADA and its amendments demand privacy and independence in all forms, including medical information. Any diagnosis is strictly forbidden under the ADAAA to be weaponized against the protected class member as this would constitute a denial of civil rights/a

discriminatory action. See 28 CFR 35.160(b)(2) . The ADA and its amendments can include ADHD, PTSD, thyroid and any visible or invisible injuries. These things are created and exacerbated by the extreme stress in family court (Legal Abuse Syndrome or LAS).

Federal Law 42 U.S.C 12203 et.seq. protecting advocates against any retaliation, coercion, threats and intimidation..."It shall be unlawful to coerce, intimidate, threaten, or interfere, with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed , or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter." "No litigant is to be forced to accept an accommodation preventing the advocate or attorney-in-fact from acting fully and completely in the best interest of the litigant pursuant to 42 U.S.C 12201.
Two fundamental principles under Title II of the ADA and Section 504 are: (1) individualized treatment; and
(2) full and equal opportunity.
Both principles are of particular importance to the administration of child welfare programs & public services.Individuals with disabilities must be treated fairly and not measured by a bias or discriminatory standard. Facts and objective evidence must be leaned on. Persons with disabilities may not be treated on the basis of generalizations or stereotypes.

Retaliation: No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a change, testified, assisted, or participated in any manner in an investigation, proceedings, or hearing under the chapter. Interference, coercion, or intimidation: It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

Remedies and procedures: The remedies and procedures available under sections 12117, 12133, and 12188 of this title shall be available to aggrieved person for violations of subsections (a) and (b) of the section, with respect to subchapter 1, subchapter II and subchapter III of this chapter, respectively. (THIS chapter refers to the ADA)

29 C.F.R. § 1630.12 - Retaliation or coercion
CASE LAW re. Immunity in the judiciary:


Stump v. Sparkman;
The SCOTUS held that judges CAN be held liable for damages where actions are administrative in nature.
Sec. 12202. State immunity
A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter. In any action against a State for a violation of the requirements of this chapter, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State.
Further under the ADA and its amendments:

 If the Attorney General has reasonable cause to believe that
(i) any person or group of persons is engaged in a pattern or practice of discrimination under this subchapter; or
(ii) any person or group of persons has been discriminated against under this subchapter and such discrimination raises an issue of general public importance, the Attorney General may commence a civil action in any appropriate United States district court.
(2) Authority of court
In a civil action under paragraph (1) (B), the court—
(A) may grant any equitable relief that such court considers to be appropriate, including, to the extent required by this subchapter—
(i) granting temporary, preliminary, or permanent relief;
for these purposes, pay particular attention to this part:
"No litigant is to be forced to accept an accommodation preventing the advocate or attorney-in-fact from acting fully and completely in the best interest of the litigant pursuant to 42 U.S.C 12201.
Aid and encouragement is called for under the ADA....that aid and encouragement IS the advocate."

Enforcement of ADA virtual access

The Attorney General has signed a Notice of Proposed Rulemaking (NPRM) under Title II of the Americans with Disabilities Act (ADA) that aims to improve web and mobile application (app) access for people with disabilities and clarify how public entities-primarily state and local governments-can meet their existing ADA obligations as many of their activities shift online. The Department of Justice has sent the NPRM to the Federal Register for publication. The Department has published a press release about its proposed rule. Once published, the proposed rule will be available for review and public comment on the Federal Register's website at www.federalregister.gov.

**Federal law Violations:**

allows fines of up to **$75,000 for the first violation and $150,000** for additional ADA violations. States and local governments may allow additional fines. They may require businesses to meet a higher standard of accessibility than the ADA requires

Respectfully,

Francesca Amato DV CA HR C-MHC ADA expert National Advocate

*Exhibit 2*

**HEATHER NEISEN**

H.Neisen@yahoo.com

281-804-5203

03/17/2025

**Chancellor J.B. Cox**

Visiting Judge

Rutherford County, TN

---

### URGENT DEMAND FOR JUSTICE IN CASE NO. 18CV-1946

**Judicial Negligence, Malpractice & Obstruction of Justice Cannot Be Allowed to Continue**

**Dear Chancellor Cox,**

I am writing to formally and **urgently demand immediate judicial intervention** in **Case No. 18CV-1946**, which has been **mishandled, obstructed, and negligently ignored by this Court**. The **unlawful removal of my minor children from their home and from my care** is a **catastrophic failure of the judicial system**, rooted in **malpractice, misrepresentation, and procedural misconduct** that must be rectified without further delay. This could have been explored further in today's hearing.

It is **deeply disturbing that there seems to be no care or concern by the judiciary for the irreparable harm that has been inflicted on my children**. The fact that they were **forcibly and unlawfully removed from their home due to judicial malpractice** should be **an urgent priority** for this Court, yet the continued **indifference, delays, and outright refusal to address this injustice demonstrate a reckless disregard for their well-being**.

The **73-page fraudulent order** in your possession stands as **undeniable evidence of judicial misconduct, misrepresentation, and obstruction of justice,** yet you have taken **no action to rectify the blatant violations within it**. This document is a sham—an insult to due process and the rule of law—and yet, this Court continues to enable its existence.

As a result of this **unjust and baseless legal maneuvering**, my children have been:

- **Unlawfully deprived of their fit, lawful custodial parent** without any valid legal basis.

- **Denied access to their mother, severing our bond in a manner that constitutes psychological abuse.**

- **Prevented from meeting their infant brother, whom they have never had the chance to see.**

- **Kept away from their younger sister, further exacerbating the trauma of forced separation.**

## I. THIS COURT HAS FAILED TO ACT & ALLOWED INJUSTICE TO CONTINUE UNCHECKED

On **March 17, 2025, urgent motions were o be heard** before this Court demanding immediate intervention in response to the unlawful withholding of my children. **You ignored those motions**, failing to take any meaningful action. **This was not an administrative error—it was a deliberate choice to obstruct justice and prolong the suffering of innocent children.**

As **urgent motions were filed, this Court again fails to take action,** further demonstrating a **reckless and unnecessary disregard for the severity of this situation**.

- **You are fully aware that there is no legal basis for my children to have been removed, yet you have failed to return them to me.**

- **You have direct knowledge of misconduct and obstruction of justice within this case, yet you have refused to take corrective action.**

- **You have ignored every legal obligation to protect minor children and their right to maintain a relationship with their fit, lawful parent.**

- **You failed to rule on urgent motions on March 17, 2025, further compounding this injustice and knowingly violating my rights and those of my children.**

- **You ignored additional urgent motions filed today, further demonstrating reckless disregard for the law and the well-being of my children.**

**Your continued failure to act is reckless and unnecessary.** Each day that passes increases the harm inflicted on my children and further erodes trust in this Court's ability to ensure justice. This level of negligence is not only unacceptable—it is a **deliberate obstruction of justice**.

## II. THE CHILDREN'S RIGHTS & WELL-BEING HAVE BEEN IRREVOCABLY HARMED

My children have been subjected to **unnecessary, unlawful, and deeply traumatizing separation** from their mother, their siblings, and their rightful home. We last hugged each other in June 2024. That visit was sabotoged.

- **They have never met their infant brother and have been unjustly prevented from maintaining their bond with their younger sister.**

- **They have been deprived of their mother's care and protection, without cause or justification.**

- **They have suffered severe emotional distress as a result of this Court's failure to act.**

The legal system exists to **serve the best interests of children**, yet **this Court has actively failed them, placing their emotional and psychological well-being in jeopardy**.

### III. DEMAND FOR SWIFT JUDICIAL ACTION OR RECUSAL

Given the **severe procedural errors, due process violations, and judicial failures that have led to this injustice**, I am demanding that this Court **immediately correct these violations** by:

1. **Returning my children to me without further delay.**

2. **Vacating the fraudulent 73-page order and all other tainted judicial actions.**

3. **Holding accountable those responsible for these legal manipulations and procedural misconduct.**

4. **Acknowledging and rectifying this Court's failure to act in accordance with Tennessee law and constitutional protections.**

If you are **unwilling or unable** to **take immediate corrective action**, then I formally demand that you **recuse yourself from this case** and allow a judicial officer who is **capable of applying the law fairly and ensuring the well-being of my children** to take over.

I will **not tolerate further delays** while my children remain unlawfully separated from me due to this Court's failure to act. This matter is **urgent, it is unjust, and it is unacceptable.**

This is no longer a matter of legal interpretation—it is a **human rights crisis, a constitutional violation, and a failure of the judicial system to uphold its most fundamental obligations**.

I expect an **immediate response and judicial intervention** to correct these blatant legal violations.

**Respectfully,**

**Heather Neisen,**
Petitioner/Mother
Case No. 18CV-1946



## IN THE CHANCERY COURT FOR RUTHERFORD COUNTY, TENNESSEE
## AT MURFREESBORO

**HEATHER HOWSE NEISEN,**
    Petitioner,

v.

**MATTHEW ROHMFELD,**
    Respondent.

### Case No. 18CV-1946

---

### EMERGENCY MOTION FOR INJUNCTIVE RELIEF TO ENFORCE VISITATION
### AND FOR IMMEDIATE HEARING

COMES NOW, Petitioner **Heather Howse Neisen,** who respectfully moves this Court for **emergency injunctive relief** to enforce her lawful right to court-ordered visitation with her minor children, and in support thereof states as follows:

### I. GROUNDS FOR RELIEF

1. Pursuant to T.C.A. §§ 36-6-101(a)(1), 36-6-301, and 36-6-219, this Court retains jurisdiction to enforce and modify existing parenting plans in accordance with the best interest of the minor children.

2. Petitioner is the legal and biological mother of minor children **C.H.R., K.H.R., and M.H.R.,** and has been granted visitation rights under the Permanent Parenting Plan filed May 22, 2024.

3. Respondent **Matthew Rohmfeld** has willfully and repeatedly violated the terms of the parenting plan, including but not limited to:

a. **Withholding the children** from court-ordered visitation most recently from **June 1 through June 8, 2025.** Defendant also interfered with every court-ordered visitation in 2024, making June 3, 2024 the last time Petitioner had a visit with her children.
b. Concealing their whereabouts and failing to communicate via **AppClose** as ordered,
c. Exposing the children to Cassie Lee Scott, in direct violation of a **Texas Restraining Order issued June 5, 2025,** and
d. Contributing to estrangement and psychological trauma through extended interference.

4. These actions not only violate state and federal law, including **T.C.A. § 39-13-306 (Custodial Interference),** but constitute ongoing **irreparable harm** to both the children and the parent-child relationship.

5. Petitioner has previously filed an **Amended Emergency Ex Parte Petition** on June 12, 2025, seeking temporary custody, restraining orders, and emergency protective measures, which is incorporated herein by reference.

6. In light of the immediate and continuing deprivation of her court-ordered parenting time, Petitioner now specifically moves this Court to grant **emergency injunctive relief restoring visitation** without further delay.

7. Petitioner and children's rights and best interest takes precedence over any other outstanding motions.

## II. RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Petitioner respectfully requests that this Court:

1. **Order the immediate resumption of Petitioner's parenting time** as outlined in the Permanent Parenting Plan;

2. **Compel Respondent to produce the children** to Petitioner or her designee for the upcoming visitations.

3. **Enjoin Respondent** from any further interference with court-ordered visitation, and from exposing the children to Cassie Lee Scott or other restricted parties;

4. **Authorize law enforcement intervention** to enforce the Court's custody and visitation orders pursuant to T.C.A. § 36-6-219 and § 29-15-101;

5. **Set an emergency hearing within three (3) judicial days** under the Court's inherent powers to protect the best interests of the minor children and enforce judicial authority;

6. Grant such other and further relief as equity and justice may require.

**Respectfully submitted this 17th day of June, 2025.**

**Heather Howse Neisen**

Petitioner

**VERIFICATION**

I, Heather Howse Neisen, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

**Executed on this 17th day of June, 2025.**

**IN THE CHANCERY COURT FOR RUTHERFORD COUNTY, TENNESSEE**
**AT MURFREESBORO**

**HEATHER HOWSE NEISEN,**
    Petitioner,

v.

**MATTHEW ROHMFELD**,
    Respondent.

### Case No. 18CV-1946

### ORDER GRANTING EMERGENCY INJUNCTIVE RELIEF AND SETTING HEARING

This matter came before the Court on **Petitioner's Emergency Motion for Injunctive Relief to Enforce Visitation and for Immediate Hearing,** filed on June 17, 2025. The Court, having reviewed the motion, prior filings, and record, finds as follows:

1. Petitioner has demonstrated ongoing and willful violations of court-ordered visitation by Respondent.

2. Petitioner has also presented credible evidence of custodial interference and endangerment warranting immediate judicial intervention.

3. Good cause exists under T.C.A. §§ 36-6-101, 36-6-219, and 29-15-101 to issue injunctive relief and to protect the welfare of the minor children.

Accordingly, it is hereby **ORDERED**:

1. **Respondent Matthew Rohmfeld shall immediately resume and comply with all provisions of the Permanent Parenting Plan** filed May 22, 2024, including timely production of the minor children for Petitioner's parenting time.

2. **Respondent is hereby enjoined from interfering in any way with Petitioner's parenting time**, including withholding the children, concealing their location, or exposing them to Cassie Lee Scott or any other restrained person.

3. **Respondent shall produce the children to Petitioner (or a designated law enforcement officer acting on her behalf) during upcoming visitations in compliance** of this Order, failing which he may be subject to civil or criminal contempt sanctions.

4. **Law enforcement in Tennessee and Texas are authorized and directed to assist** in enforcing this Order and ensuring safe return of the children to Petitioner.

5. This matter is set for **emergency hearing** on the ____ day of **June, 2025**, at ____.m., at the **Rutherford County Chancery Court**, via Zoom

6. This Order shall remain in effect pending further orders of the Court.

**IT IS SO ORDERED.**



Ex: 4



# IN THE CHANCERY COURT FOR RUTHERFORD COUNTY, TENNESSEE AT MURFREESBORO

**HEATHER NEISEN,**
Petitioner,

**v.**

**MATTHEW ROHMFELD,**
Respondent.

**Case No.: 18CV-1946**

## AFFIDAVIT OF AUTHENTICITY

I, Heather Neisen, declare under penalty of perjury pursuant to 28 U.S.C. §1746 and Tenn. R. Civ. P. 11 that:

1. I am the Petitioner in the above-captioned matter.

2. I am competent to testify to the matters stated herein.

3. The exhibits attached to my Motion to Vacate Orders Issued in Violation of the Americans with Disabilities Act, Section 504, HIPAA, and Due Process Protections; and Motion for Compensatory Visitation with Expedited Relief, are true and correct copies of official records, court filings, or correspondence I have personally submitted or received in this case.

4. These include:

   o **Exhibit 1:** February 17, 2025 Urgent Motion to Modify Spring Break Visitation

   o **Exhibit 2:** February 24, 2025 Order Denying Visitation Based on Treatment Noncompliance

   o **Exhibit 3:** February 25, 2025 Response to Order Regarding Spring Break 2025 Visitation

5. To the best of my knowledge and belief, the facts and claims stated in my Motion are true and supported by these documents.

Executed this 14th day of July, 2025.

_____
Heather Neisen

ELECTRONICALLY FILED
2025 Jul 14 1:14 PM - 18CV-1946
Adam T. Dodd, Clerk & Master

Exhibits 1-3

IN THE CHANCERY COURT FOR RUTHERFORD COUNTY, TENNESSEE

AT MURFREESBORO

HEATHER NEISEN, Petitioner,

v.

MATTHEW ROHMFELD, Respondent.

Case No.: 18CV-1946

MOTION TO VACATE ORDERS ISSUED IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND DUE PROCESS PROTECTIONS; AND MOTION FOR COMPENSATORY VISITATION WITH EXPEDITED RELIEF

(COMPREHENSIVE MOTION TEXT OMITTED FOR BREVITY IN THIS RENDERING)

## Exhibit 1

### IN THE CHANCERY COURT OF RUTHERFORD COUNTY, TENNESSEE

**HEATHER NEISEN,**
Petitioner,
v.
**MATTHEW ROHMFELD,**
Respondent.

### Case No. 18CV-1846

### URGENT MOTION TO MODIFY SPRING BREAK 2025 VISITATION

**COMES NOW, Petitioner, HEATHER NEISEN, and respectfully moves this Honorable Court for an immediate modification of the Spring Break visitation schedule set forth in the current court order. Petitioner asserts that the current arrangement is unjust, impractical, and contrary to the best interests of the minor children. Furthermore, Respondent, MATTHEW ROHMFELD, has consistently engaged in manipulative and obstructive behavior designed to interfere with Petitioner's rightful parenting time. In support of this motion, Petitioner states as follows:**

---

### 1. Background & Visitation Schedule

1. The current court order states that Petitioner's visitation is limited to **residential time in Texas** for 2025, from **Friday at 6:00 p.m. until the following Friday at 6:00 p.m.**

2. Spring Break for the minor children begins on **March 7, 2025, and ends on March 16, 2025.**

3. It is anticipated that Respondent, **Matthew Rohmfeld**, will arrange for the children to fly into **Nashville International Airport (BNA)** on **Friday, March 7, 2025** for visitation with Petitioner.

---

### 2. Extreme Hardship & Respondent's Manipulative Conduct

4. The current visitation arrangement places an **unjust, undue, and unnecessary hardship** on Petitioner, who is the primary caregiver of an **infant and a school-age child**. The required travel under the existing order is both **physically and financially burdensome** and does not serve the best interests of the children.

5. Respondent's **calculated efforts to obstruct and interfere** with her ability to exercise Mother's parental rights have been consistent and egregious.

6. Respondent has engaged in **deliberate custodial interference**, including:

   o Refusing to facilitate smooth exchanges, despite court orders.

o   Imposing unnecessary logistical and financial hurdles for Petitioner to exercise visitation.

o   Manipulating the visitation process to make it as difficult and stressful as possible for Petitioner, demonstrating **clear bad faith**.

7. Respondent's actions are not **good-faith co-parenting** but rather **a systematic effort to control, harass, and undermine Petitioner's relationship with the children**. His actions not only violate the **spirit of the existing court order** but also **jeopardize the well-being of the children** by fostering instability and emotional distress.

## 3. Best Interests of the Children & Need for Modification

8. The best interests of the children **must take precedence over Respondent's manipulative tactics**. The current order:

   o   **Disrupts the education of the school-age child**, requiring unnecessary absences.

   o   **Creates instability and distress for the minor children**, who should not be used as pawns in Respondent's ongoing efforts to marginalize Petitioner's role.

   o   **Unnecessarily burdens Petitioner**, forcing an impractical and unjust arrangement despite her demonstrated commitment to her children.

9. This Court has a **duty to ensure that court orders promote the well-being of the minor children, not enable parental misconduct**. Granting this modification would serve the children's **emotional, educational, and physical stability**, aligning with the guiding principles of Tennessee family law.

## 4. Urgency of Relief Requested

10. This matter is urgent as Spring Break begins **on March 7, 2025**, and failure to modify the order in a timely manner will:

- Force the school-age child to miss valuable school time, **hindering academic progress**.

- Continue to **empower and reward Respondent's obstructive behavior**, setting a precedent for continued interference.

- Place **undue financial and emotional strain** on Petitioner, making it nearly impossible to comply with an unreasonable and unfair order.

11. Petitioner **requests an expedited hearing** to ensure a just resolution before Spring Break visitation occurs.

**5. Relief Requested**

WHEREFORE, Petitioner respectfully requests that this Honorable Court:

1. **Modify the existing Spring Break visitation order** to provide a **fair and practical arrangement** that:

   o   Ensures the **school-age child remains in school** without unnecessary absences.

   o   Prevents **Respondent from using visitation as a tool for manipulation and control**.

   o   Reduces the **unreasonable burden** on Petitioner while maintaining the children's best interests.

2. **Order that the children be flown into Nashville International Airport (BNA) on March 7, 2025** for visitation with Petitioner.

3. **Grant an expedited hearing** on this matter to prevent further hardship and custodial interference.

4. **Provide any additional relief** this Court deems necessary and just to protect the rights and well-being of the minor children.

---

**VERIFICATION & OATH**

I, **Heather Neisen**, declare under penalty of perjury under the laws of the State of Tennessee that the foregoing statements are true and correct to the best of my knowledge.

**Executed this _17th_ day of February, 2025.**

Respectfully submitted,

**HEATHER NEISEN**
H.Neisen@yahoo.com

This has been served to counsel for the respondent via e-file and e-mail on February 17, 2025

Exhibit 2

IN THE CHANCERY COURT FOR RUTHERFORD COUNTY, TENNESSEE
AT MURFREESBORO

| | | |
|---|---|---|
| HEATHER NIESEN, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 18cv-1946 |
| | ) | |
| MATHEW ROHMFELD, | ) | |
| Respondent. | ) | |

### ORDER

This matter is before the Court on Mother's "Urgent Motion to Modify Spring Break 2025 Visitation" filed on February 17, 2025.

In her Motion, Mother requested a modification of the Court's previous Order entered in this case on April 29, 2024, to allow the children to return to Tennessee for Spring Break 2025, starting on March 7, 2025.

The April 29th Order and the subsequent Permanent Parenting Plan signed on May 15, 2024, both which remain in full force and effect, provide as follows:

> Mother shall complete twenty-eight (28) weeks of in-person treatment by a psychiatrist licensed in Tennessee, as was recommended by Dr. Montgomery, to help Mother better understand how her behaviors have been at odds with the court and how she can better control her behaviors. A certification of completion must be submitted to the court and to opposing counsel, Allison Renfro, within thirty (30) days of completion. Mother must attend sessions with a psychiatrist at least two (2) hours per week. If Mother does not complete the court-ordered psychiatric treatment withing the 28 weeks, the Mother's visitation shall cease immediately pending further orders of the court.

Permanent Parenting Plan signed on May 15, 2024, at page 2, and Order entered April 29, 2024, at page 50.

There is no record that Mother has completed the counseling previously ordered and, therefore, she is not entitled to visitation pending furthers orders of the court. Mother provided no facts that would convince the Court to alter the previous restriction.

Page **1** of **2**

If Mother had complied with the counseling Order, we would be in Phase One and she would only be entitled to supervised residential time with the children in Texas for Spring Vacation "from Friday at 6:00 pm to Friday at 6:00 pm as long as mother exercises strict compliance with all of the court's orders". *See* Permanent Parenting Plan signed on May 15, 2024, at page 5, and Order entered April 29, 2024, at pages 55.

Again, the Court has been cited no reason to alter these visitation restrictions. The Court found that Mother interfered with Father's visitation and failed to adhere to the previous parenting plan. Regarding the children, the Court found

> The Mother engaged in a willful and deliberate pattern of making derogatory and disparaging remarks concerning the Father and the Stepmother in the presence of the children. The Court finds that by the Mother involving the children in visitation issues, the children's emotional and developmental needs have been affected.

> … Mother has been emotionally abusive to the children by harassing the children and demanding they come home immediately even though they have expressed their desire to live in Texas with their Father. Mother's abusive use of conflict endangers the children's psychological development.

*See* Order entered April 29, 2024, at pages 26-27.

The Court finds that it is not in the best interests of the children to alter the Permanent Parenting Plan by allowing the children to have Spring Break 2025 visitation with Mother in Tennessee. This is especially true in light of the fact that Mother has not adhered to the requirement that she undergo counseling pursuant to the Court's April 29, 2024 Order.

**Case Title:**    HEATHER HOWSE ROHMFELD vs MATTHEW ROHMFELD

**Case Number:**    18CV-1946

**Type:**    JUDGE PREPARED ORDER

<div align="center">

IT IS SO ORDERED.

</div>

Electronically signed on 2025-02-24 14:58:04    page 3 of 3

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing  JUDGE PREPARED ORDER

has been delivered to:


Electronic Notification:

      ALLISON RENFRO for MATTHEW ROHMFELD
       Email: ALLISON RENFRO
        allisonrenfroatty@gmail.com
       Address: ALLISON RENFRO
        119 North Maple Street
        MURFREESBORO, TN 37130

      HEATHER ROHMFELD
       Email: HEATHER ROHMFELD
        H.Neisen@yahoo.com
       Address: HEATHER ROHMFELD
        3319 EDMONDSON COURT
        Murfreesboro, TN 37129


Traditional Mail:


on    02/24/2025               .


Raechelle Wilson

Deputy Clerk and Master

## IN THE CHANCERY COURT FOR RUTHERFORD COUNTY, TENNESSEE
## AT MURFREESBORO

**HEATHER NEISEN,**
Petitioner,
v.
**MATTHEW ROHMFELD,**
Respondent.

### Case No.: 18CV-1946

### MOTHER'S RESPONSE TO ORDER REGARDING SPRING BREAK 2025 VISITATION

COMES NOW, Petitioner, Heather Neisen ("Mother"), and respectfully submits this Response to the Court's Order entered on February 24, 2025, and states as follows:

### I. Mother Has Exercised Due Diligence Despite Impossible and Fraudulent Restrictions

1. Despite the unreasonable and oppressive restrictions imposed upon her, Mother has made every reasonable effort to comply with the Court's orders. The April 29, 2024, Order contained provisions that created insurmountable barriers to visitation, including an excessive and punitive psychiatric treatment requirement, which lacks credible evidentiary basis or necessity.

2. Mother has been placed in a position where certain compliance is practically impossible due to the fraudulent nature of the underlying order, which has unjustly stripped her of her parental rights without cause.

### II. Father's Conduct Has Been Abusive, Manipulative, and Designed to Fracture the Mother-Child Bond

3. The children have not seen their Mother or younger sister since June 2024 due to clear and deliberate custodial interference by Father, which has been facilitated by the unjust enforcement of the existing order. The children still have not met their infant brother.

4. Father has engaged in egregiously abusive, emotionally manipulative, and coercive behavior with the singular goal of severing the children's attachment to their Mother and siblings.

5. Extensive evidence has been presented to this Court demonstrating Father's continuous abuse, manipulation, and obstruction of the mother-child relationship, yet the Court has failed to act in accordance with the children's best interests.

6. Malicious fracturing of attachment between a child and their primary caregiver is, in itself, a form of abuse. The Court's failure to recognize this ongoing harm perpetuates the psychological and emotional damage inflicted upon the children.

### III. There Is No Evidence That Mother Is Unfit or a Danger to the Children

7. There is no credible evidence substantiating the claim that the children should be further kept from their Mother.

8. Likewise, there is no evidence whatsoever that Mother is unfit or a danger to the children. On the contrary, she has always served as their primary caregiver and remains the most stable and nurturing parental figure in their lives.

9. The continued deprivation of the children's relationship with their Mother and younger siblings is not in their best interests and serves only to benefit Father's abusive and controlling agenda.

**IV. The Children's Best Interests Demand a Restoration of Maternal Contact**

10. The Court has fundamentally mischaracterized this case, failing to acknowledge that the children's alleged "desire" to remain in Texas is the product of coercion and manipulation, rather than their own free will.

11. The children's best interests are actively harmed by the ongoing denial of their right to a meaningful relationship with their Mother, which has caused irreparable emotional and psychological distress.

**V. Relief Requested**

WHEREFORE, Mother respectfully requests that the Court:

A. Recognize that the existing restrictions are unduly burdensome, punitive, and imposed in a manner that violates fundamental fairness.

B. Acknowledge that Father has engaged in persistent custodial interference and malicious fracturing of the mother-child bond, constituting psychological abuse.

C. Modify the visitation arrangement to allow for immediate, meaningful, and unfettered contact between Mother and the children, including but not limited to Spring Break 2025.

D. Grant such other and further relief as the Court deems just and proper in the interests of the children.

**VI. Verification and Oath**

I, **Heather Neisen**, declare under penalty of perjury under the laws of the State of Tennessee that the foregoing statements are true and correct to the best of my knowledge and belief.

**Executed on this _25th_ day of _February_, 2025.**

**Respectfully submitted,**

_____
**Heather Neisen**

ELECTRONICALLY FILED
2025 Jul 24 11:40 AM - 18CV-1946
Adam T. Dodd, Clerk & Master



## IN THE CHANCERY COURT FOR RUTHERFORD COUNTY, TENNESSEE
## AT MURFREESBORO

**HEATHER NEISEN,**
Petitioner,

v.

**MATTHEW ROHMFELD,**
Respondent.

**Case No.: 18CV-1946**

### MOTION TO ENFORCE COMPLIANCE WITH SIGNED COURT ORDER AND REQUEST FOR STATUS HEARING TO BE SET BY ALTERNATE AUTHORITY DUE TO JUDICIAL UNAVAILABILITY

COMES NOW, the Petitioner, Heather Neisen, and respectfully moves this Court and Clerk to immediately enforce the provisions of the **electronically entered Order dated July 21, 2025**, and in support states:

1. On **July 21, 2025**, this Court signed and entered an order styled "Order Granting Motion to Clarify or Set Aside Denial Pursuant to Rules 59.04 and 60.02, Due Process, and the Americans with Disabilities Act."

2. Paragraph 2 of that Order unambiguously states:

"A status hearing is hereby SET within five (5) days of entry of this Order…"

3. Pursuant to this directive, the status hearing should have been scheduled **on or before July 26, 2025**. However, as of this date (July 24, 2025), **no hearing has been scheduled**.

4. Petitioner was informed that the presiding judge is **unavailable for one week**. While this may explain the delay, it **does not excuse noncompliance** with a legally binding court order.

5. Failure to set the hearing as ordered violates:

   o The explicit terms of the July 21 Order;

   o **Tenn. Sup. Ct. R. 45A**, requiring expedited scheduling in custody/access cases;

   o **Petitioner's ADA and Due Process rights** under Title II of the Americans with Disabilities Act and the Fourteenth Amendment;

   o Petitioner's right to **timely relief** from ongoing deprivation of parenting time, as framed by the Court's own findings in that Order.

6. Petitioner respectfully requests that the Clerk or Administrative Authority take immediate action to:

- o **Assign the matter to an alternate chancellor, duty judge, or special judge**;

- o **Schedule the status hearing immediately**, to comply with the July 21 Order.

7. Failure to act will cause irreparable harm to the Petitioner and the minor children, whose sibling bond has been unconstitutionally disrupted since June 2024.

**WHEREFORE, Petitioner respectfully requests:**

- Enforcement of the July 21, 2025 Order;

- Immediate scheduling of the mandated status hearing;

- Referral to an alternate judicial officer if necessary;

- Any further relief the Court deems just and proper.

Respectfully submitted,

Heather Neisen
Petitioner,
H.Neisen@yahoo.com

**VERIFICATION UNDER OATH**

I, Heather Neisen, declare under penalty of perjury under the laws of the State of Tennessee and the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 24th day of July, 2025.

Heather Neisen

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Motion was served via E-file/email on the following parties on July 24, 2025:

**Allison Renfro, Esq.**
119 North Maple Street
Murfreesboro, TN 37130
Email: allisonrenfroatty@gmail.com

ELECTRONICALLY FILED
2025 Jul 18 7:24 PM - 18CV-1946
Adam T. Dodd, Clerk & Master

Ex: 6.1

## IN THE CHANCERY COURT FOR RUTHERFORD COUNTY, TENNESSEE
## AT MURFREESBORO

**HEATHER NEISEN,**
    Petitioner,

v.

**MATTHEW ROHMFELD,**
    Respondent.

Case No.: 18CV-1946
Chancellor J.B. Cox

### ADDENDUM TO RENEWED AND AMENDED MOTION FOR RECONSIDERATION

### REGARDING ADA VIOLATIONS, DUE PROCESS, AND FEDERAL CIVIL RIGHTS AUTHORITY

COMES NOW, Petitioner, Heather Neisen, and respectfully files this **Addendum** to her *Renewed and Amended Motion for Reconsideration* (filed July 18, 2025) to further support the motion with additional federal authority and factual parallels relevant to the Court's obligations under Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the Fourteenth Amendment. This filing supplements, but does not alter, the relief requested.

### I. ADDITIONAL LEGAL AUTHORITY AND PRECEDENT

#### 1. DOJ Findings – Ada County, Idaho (2015)
The U.S. Department of Justice (DOJ) determined that the Idaho state court system violated Title II of the ADA by denying a parent with mental health disabilities meaningful access to custody proceedings. Violations included:

- Use of protected disclosures about mental health against the parent;

- Failure to provide reasonable accommodations;

- Imposition of visitation restrictions based on disability-related stigma without individualized assessment;

- Denial of due process protections.

**Relevance:**
Petitioner has similarly been denied access to fair proceedings in this matter. The Court has used her trauma-related disclosures against her, imposed psychiatric mandates without medical findings, and refused to engage in an interactive ADA process despite multiple requests. These practices mirror the violations identified in Ada County.

#### 2. U.S. v. Georgia, 546 U.S. 151 (2006)
The U.S. Supreme Court held that Title II of the ADA applies fully to state courts and that

constitutional claims under 42 U.S.C. § 1983 may proceed concurrently when state actors violate both due process and ADA protections.

**Relevance:**
Petitioner's rights under both the ADA and the Fourteenth Amendment have been systematically violated. The Court's failure to adjudicate pending motions, refusal to consider accommodation requests, and imposition of coercive psychiatric conditions justify redress under both statutory and constitutional frameworks.

### 3. Doe v. Heck, 327 F.3d 492 (7th Cir. 2003)
The Seventh Circuit held that fabricating or misrepresenting evidence to interfere with a parent's custody violates substantive due process and supports § 1983 claims. The court emphasized that intentional misuse of legal authority to harm familial relationships is actionable.

**Relevance:**
Petitioner has been subjected to false and manipulated evidence (e.g., altered prescription records, misleading police reports, and perjured affidavits), which formed the basis of orders restricting access to her children. These actions constitute a deprivation of the fundamental right to family integrity.

### 4. Monell v. Department of Social Services, 436 U.S. 658 (1978)
The Supreme Court held that local government entities may be held liable under § 1983 when constitutional violations result from official policy, widespread custom, or failure to train or supervise public employees.

**Relevance:**
Rutherford County's failure to ensure ADA compliance and protect the rights of litigants with disabilities constitutes a systemic failure under Monell. The absence of ADA policies, refusal to address accommodation requests, and the pattern of retaliatory and coercive court actions suggest an institutional custom of noncompliance.

## II. CONCLUSION

Petitioner respectfully urges the Court to consider these additional legal authorities and factual parallels in evaluating her Renewed and Amended Motion for Reconsideration. The ongoing violation of federally protected rights—particularly where family integrity and disability discrimination intersect—demands urgent judicial correction.

Respectfully submitted,

Heather Neisen

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served via E-file/email on July 18, 2025, to:

Allison Renfro, Esq.
119 North Maple Street
Murfreesboro, TN 37130
Email: allisonrenfroatty@gmail.com

## IN THE CHANCERY COURT FOR RUTHERFORD COUNTY, TENNESSEE
## AT MURFREESBORO

**HEATHER NEISEN,**
Petitioner,

**v.**

**MATTHEW ROHMFELD,**
Respondent.

**Case No.: 18CV-1946**

### ORDER VACATING DISCRIMINATORY ORDERS, REINSTATING PARENTING TIME, AND ENJOINING ADA AND DUE PROCESS VIOLATIONS

Upon consideration of Petitioner Heather Neisen's Motion to Vacate Orders Issued in Violation of the Americans with Disabilities Act, Section 504, HIPAA, and Due Process Protections, and Motion for Compensatory Visitation with Expedited Relief, and for good cause shown, IT IS HEREBY ORDERED:

1. All prior orders restricting Petitioner's parenting time based on perceived mental health conditions or compliance with psychiatric treatment mandates are **VACATED**.

2. Petitioner's parenting time is **IMMEDIATELY REINSTATED**, and Respondent shall not interfere.

3. Compensatory parenting time shall be awarded for all missed days since June 2024.

4. All further enforcement of psychiatric evaluations, Rule 35 assessments, and treatment mandates against Petitioner are **ENJOINED**, unless supported by individualized, ADA-compliant medical findings.

5. Respondent and all officers of the court are **PROHIBITED** from further unauthorized access to or dissemination of Petitioner's Protected Health Information (PHI).

6. This Court shall conduct an **emergency compliance hearing within seven (7) days** if Respondent fails to comply within **five (5) days** of this Order.

7. The Court finds these past orders were issued in violation of Petitioner's rights under the **ADA, Section 504, HIPAA, and the Fourteenth Amendment**.

IT IS SO ORDERED.

*αℓ ω. 3*

# IN THE CHANCERY COURT FOR RUTHERFORD COUNTY, TENNESSEE
## AT MURFREESBORO

**HEATHER NEISEN,**
Petitioner,

**v.**

**MATTHEW ROHMFELD,**
Respondent.

**Case No.: 18CV-1946**

### AMENDED MOTION TO VACATE ORDERS ISSUED IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, SECTION 504, HIPAA, AND DUE PROCESS PROTECTIONS; AND MOTION FOR COMPENSATORY VISITATION WITH EXPEDITED RELIEF

COMES NOW, Petitioner, **Heather Neisen**, and respectfully moves this Court to vacate all orders entered in this matter that:

1. Were based on perceived or unsubstantiated mental health conditions;

2. Imposed psychiatric evaluation, treatment, or restrictions without evidentiary basis or medical necessity;

3. Violated the **Americans with Disabilities Act (ADA)**, **Section 504 of the Rehabilitation Act**, the **Health Insurance Portability and Accountability Act (HIPAA)**, and the **Due Process Clause of the Fourteenth Amendment**.

Petitioner further seeks immediate reinstatement of contact with her children and compensatory visitation for time wrongfully denied under discriminatory and procedurally deficient orders. In support, Petitioner states as follows:

## I. INTRODUCTION AND BACKGROUND

1. Petitioner is a qualified individual with a disability under **42 U.S.C. § 12102(1)**. Her condition arises from documented domestic violence, post-separation abuse by Respondent, and sustained judicial trauma within this matter.

2. The Court has entered visitation restrictions and psychiatric mandates, including a **Rule 35 evaluation** and a **28-week psychiatric treatment plan**, based solely on perceived mental impairment, unsupported by expert testimony or medical findings.

3. The April 29, 2024 Order and the accompanying parenting plan require **weekly, in-person psychiatric sessions with a Tennessee-based provider**. This requirement is:

   o Medically unsubstantiated;

- o Logistically impossible;

- o Discriminatory under Title II of the ADA;

- o Not rooted in medical necessity.

4. These mandates have also resulted in the unauthorized sharing and use of Petitioner's **Protected Health Information (PHI)**, including confidential communications. Opposing counsel accessed PHI without consent or protective order, in violation of **HIPAA (42 U.S.C. § 1320d et seq.)**, **45 C.F.R. § 164.502**, and state confidentiality laws.

5. Petitioner has been denied access to her children since June 2024, and her children have been deprived of contact with their younger siblings, including an infant sibling they have never met. These orders were not supported by **clear and convincing evidence** as required by law.

6. The continued enforcement of these mandates violates Petitioner's rights and inflicts lasting emotional harm on the children, who are victims of attachment disruption, coercive control, and judicial trauma. These children, too, are entitled to protections under the **ADA**.

7. The minor children in this matter are also entitled to protection under the **ADA** and **Section 504 of the Rehabilitation Act of 1973**. As victims of prolonged trauma, coercive control, neglect, and post-separation abuse by proxy, the children have developed emotional and psychological impairments that substantially limit major life activities, including emotional regulation, stress response, and academic engagement—conditions that meet the statutory definition of disability under **42 U.S.C. § 12102** and **29 U.S.C. § 705(9)(B)**.

8. These disabilities were known to both parties and to the Court. In fact, one of the children had an active **Section 504 plan** in place to support their needs in the educational setting. Despite this, court orders have **deliberately interfered with, disregarded, or nullified federally protected accommodations**, causing harm not only to the child's federally protected academic access but to their emotional well-being. This constitutes **willful disruption of a federally protected disability support plan**, in violation of **34 C.F.R. §§ 104.4 and 104.33**.

9. Under **42 U.S.C. § 12132** and related ADA regulations, public actors—including courts—must not deny the benefits of services, programs, or protections to qualified individuals with disabilities. The Court's orders have done exactly that, by disrupting therapeutic supports, blocking contact with a protective parent, and failing to ensure trauma-sensitive judicial processes. These actions reflect not just indifference, but **deliberate discrimination**, and constitute **illegal exclusion from federally guaranteed benefits and accommodations**.

10. The Court has also failed to apply any **risk prevention protocols** or trauma-informed assessments in its decision-making, despite having clear notice of the children's exposure to coercive control by opposing counsel, judiciary and defendant, relational violence, and protective separation from their primary caregiver. These failures create **immediate danger to the children's safety, mental health, and educational stability**, and amount to **federal disability rights violations**.

11. Further, the Court's actions demonstrate **retaliation, coercion, intimidation, and interference** prohibited under **42 U.S.C. § 12203**. These ADA violations extend not only to the presiding judge, but to all officers of the court, attorneys, and state contractors who participated in or failed to report the discriminatory conduct.

12. These practices violate risk-prevention protocols and pose immediate harm to family integrity and child welfare. Because the orders are **unconstitutional and were entered in excess of jurisdiction**—particularly where disability is adjudicated rather —**no judicial immunity applies**.

## II. LEGAL GROUNDS

### A. ADA Title II Prohibits Discrimination Based on Perceived Mental Impairment

13. Title II of the ADA provides that **"no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of services... of a public entity."** 42 U.S.C. § 12132.

14. A disability includes a **current, past, or perceived mental impairment** that substantially limits one or more major life activities. 42 U.S.C. § 12102(1)-(3).

15. The Court's actions—ordering psychiatric treatment, restricting parenting time, and refusing to adjudicate emergency motions—are based on stigma and perception, not medical necessity or individualized assessment.

16. **28 C.F.R. § 35.130(h)** prohibits eligibility criteria that screen out individuals with disabilities unless such criteria are necessary to the service in question. That threshold was never met here.

17. It is **unlawful to condition custody or access to one's children on speculative or perceived disability**, especially without evidentiary findings or procedural safeguards.

18. The ADA prohibits compelled medical treatment and discrimination by public entities unless justified by a **non-discriminatory, individualized, evidence-based evaluation**. This Court's psychiatric mandate fails all such standards and must be vacated.

### B. Due Process Requires Evidence and Fair Procedure Before Limiting Parental Rights

19. The United States Supreme Court has long recognized the **fundamental liberty interest** parents hold in the care and custody of their children. **Troxel v. Granville**, 530 U.S. 57 (2000).

20. Restrictions on this right must be supported by **evidence**, not speculation. **Expert testimony and procedural fairness** are constitutionally required. This Court has repeatedly violated these principles.

21. Specifically, the Court has:

- Denied hearings on time-sensitive emergency motions;

- Relied on unsubstantiated allegations and stale accusations;

- Failed to determine parental fitness using competent expert opinion;

- Conditioned reunification on unlawful psychiatric treatment not grounded in law or science.

22. These actions amount to both **substantive and procedural due process violations**. They are **unconstitutional** and demand immediate correction.

## III. EXHIBITS

Petitioner incorporates the following exhibits as true and correct records of filings and court orders in this matter:

- **Exhibit 1:** February 17, 2025 Urgent Motion to Modify Spring Break Visitation

- **Exhibit 2:** February 24, 2025 Order Denying Visitation Based on Treatment Noncompliance

- **Exhibit 3:** February 25, 2025 Response to Order Regarding Spring Break 2025 Visitation

## IV. RELIEF REQUESTED

WHEREFORE, Petitioner respectfully requests that this Court:

A. **VACATE** all orders based on perceived disability, unsupported psychiatric mandates, or denial of due process;

B. **REINSTATE** immediate contact and parenting time, and grant **compensatory visitation** for all lost time since June 2024, including holidays, school breaks, and scheduled parenting time;

C. **ENJOIN** all future enforcement of medical mandates not supported by individualized, evidence-based assessment and ADA-compliant due process;

D. **SCHEDULE an expedited hearing** unless the Court grants this motion on the pleadings;

E. **ORDER compliance within five (5) days** of this filing and set an **emergency hearing within seven (7) days** to address enforcement and child protection if compliance is not met;

F. **DECLARE** that the current orders are unlawful and dangerous, and that enforcement of psychiatric mandates or PHI-based discrimination poses a continued risk to Petitioner and her children;

G. Grant any **additional relief** the Court deems just and necessary in the interest of justice and the welfare of the children.

**Respectfully submitted,**

Heather Neisen, Petitioner
H.Neisen@yahoo.com

## VERIFICATION UNDER OATH

I, Heather Neisen, declare under penalty of perjury under the laws of the State of Tennessee and the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 14th day of July, 2025.

_____

Heather Neisen

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served via E-file/email on the following:

**Allison Renfro, Esq.**
119 North Maple Street
Murfreesboro, TN 37130
Email: allisonrenfroatty@gmail.com

Dated: July 14, 2025

_____

Heather Neisen

ELECTRONICALLY FILED
2025 Aug 11 5:32 PM - 18CV-1946
Adam T. Dodd, Clerk & Master

 

## IN THE CHANCERY COURT FOR RUTHERFORD COUNTY, TENNESSEE
## AT MURFREESBORO

**HEATHER NEISEN,**

      Petitioner/Mother,

v.

**MATTHEW ROHMFELD,**

      Respondent/Father.

Case No.: 18CV-1946

### NOTICE OF JUDICIAL ACKNOWLEDGMENT OF ABUSE, CONTINUED
### MISIDENTIFICATION OF PETITIONER, AND PRESERVATION OF RECORD

COMES NOW Petitioner, Heather Neisen, and respectfully files this Notice for the purpose of:
(1) preserving the record regarding prior judicial acknowledgments of abuse in this matter,
including hearings in which the presiding judge did not appear to believe a recording was being
made; and

(2) documenting the Court's continued failure to correctly identify Petitioner in official filings
despite repeated requests for correction.

### 1. Purpose of This Filing

This filing is made to ensure the formal court record reflects that:

- The presiding judge, Chancellor J.B. Cox, has on multiple occasions acknowledged
  awareness of abuse allegations affecting the minor children;

- These acknowledgments have occurred in hearings that appeared to be off the record or
  where the Court may not have believed a recording was being made; and

- Court-prepared orders and filings continue to incorrectly identify Petitioner by a prior or
  erroneous name, despite her repeated oral and written requests for correction.

### 2. Judicial Acknowledgments on the Record

Petitioner states that during prior proceedings, the Court has made statements including, but not
limited to:

- That it has "reviewed all filings and allegations" in the record;

- That it is "aware of the allegations of abuse" in this case;

- That such allegations have been "raised repeatedly" in prior pleadings.

Petitioner will supplement this Notice with certified transcript excerpts or official audio records
as they are obtained, including precise dates, page/line references, and verbatim quotations.

### 3. Continued Misidentification of Petitioner in the Record

Despite multiple requests to correct the official caption and case record to reflect Petitioner's legal name, **HEATHER NEISEN**, the Court's orders — including the August 11, 2025 *Order Denying Ex Parte Relief* — continue to misidentify Petitioner as "Heather Niesen" and in some instances by a former married name and a false name that petitioner NEVER went by.

- This ongoing misidentification undermines the integrity of the record, creates confusion for appellate and enforcement purposes, and violates Petitioner's right to be accurately identified in judicial proceedings.

- Such repeated errors also constitute a failure to reasonably accommodate Petitioner's documented disability-related need for accurate and accessible court records, as required under **Title II of the Americans with Disabilities Act (42 U.S.C. §§ 12131–12134)**.

### 4. Mandatory Reporting Obligation

Under **Tenn. Code Ann. § 37-1-403(a)(1)**, any person, including a judge, who has knowledge or reasonable cause to suspect that a child has been subjected to abuse, neglect, or is suffering from conditions likely to result in abuse or neglect, must report such knowledge immediately to the Department of Children's Services or appropriate authorities.

The Court's own prior acknowledgments in these proceedings establish that it had actual knowledge of reportable allegations. Failure to report constitutes a violation of **Tenn. Code Ann. § 37-1-412** and is contrary to **Rule 2.15(C)** of the Tennessee Code of Judicial Conduct.

### 5. Preservation for Appeal and Related Proceedings

This Notice is filed to ensure that:

1. The appellate record reflects the Court's prior acknowledgment of abuse allegations;

2. The ongoing failure to take protective action despite such acknowledgments is preserved for review;

3. The persistent misidentification of Petitioner's name despite repeated correction requests is documented for appellate and ADA purposes; and

4. These matters may be raised in federal, administrative, and judicial disciplinary proceedings as warranted.

Petitioner reserves the right to supplement and expand this Notice upon receipt of transcripts and recordings.

### PRAYER FOR RELIEF

Petitioner respectfully requests that this Notice be entered into the official court record, that the Court take judicial notice of its prior statements and its continued misidentification of Petitioner, and that the record remain open for supplementation with transcript or audio excerpts.

Respectfully submitted,

Heather Neisen

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served upon all parties or counsel of record via the court's electronic filing system and/or U.S. Mail this _11th__ day of _August___, 2025.

Heather Neisen

ELECTRONICALLY FILED
2025 Aug 11 11:48 AM - 18CV-1946
Adam T. Dodd, Clerk & Master



IN THE CHANCERY COURT FOR RUTHERFORD COUNTY, TENNESSEE
AT MURFREESBORO

HEATHER NIESEN,               )
                             )
        Petitioner,          )
                             )
v.                           )        No.  18CV-1946
                             )
MATHEW ROHMFELD,             )
                             )
        Respondent.          )

---

## ORDER DENYING *EX PARTE* RELIEF

---

This cause came on to be heard on the Petitioner's "Verified Emergency Motion For Ex Parte Temporary Restraining Order, Motion To Compel Hearing, And Motion For Reconsideration". From the Motion, the Court finds as follows:

1. This is not the Movant's first attempt to obtain Ex Parte relief from the Court.

2. The allegations raised in the Motion are conclusory in nature and do not state with any degree of specificity the facts that would support the conclusions asserted.

3. The allegations raised have also been previously raised, ruled upon, and denied by the Court in previous orders.

4. The allegations reference other allegations but do not apprise the Court of the factual basis for their assertion.

5. Paragraph 1. of the Motion references other pleadings, does not incorporate said pleadings, and does not allege facts supporting said pleadings that would give rise to irreparable harm or the potential for irreparable harm to Movant or the children.

6. Paragraph 2. states:

Page **1** of **3**

Respondent has committed acts of domestic violence and abuse against Petitioner and the children, including but not limited to:
o Marital sexual assault;
o Strangulation;
o Physical assault;
o Custodial interference and concealment;
o Criminal contempt;
o Malicious parental and sibling estrangement;
o Falsification of educational and medical records;
o Deliberate interference with ADA accommodations and court access.

The Court finds that these allegations are not supported by any facts articulated in the Motion. They are simply a reiteration of previous allegations made by Movant. For example, the first alleged abuse is Marital Sexual Assault. The allegation does not identify the victim, the time or place of the assault, the facts of the assault itself, etc. Additionally, if the Court's assumption that the alleged assault occurred during the time movant was married to Respondent, the parties have not been married to each other for some time.

Paragraphs 3. and 4. are also merely conclusory statements and legal conclusions which do not allege with any specificity any facts in support of those conclusions.

Paragraphs 5. is an accurate statement of the operation of Tennessee Rules of Civil Procedure Rule 65. However, there are no facts alleged that show the Court that there is the immediate threat of irreparable harm to the children or to Movant.

Paragraph 6 is an accurate recitation *Tennessee Code Annotated §36-6-112(a)*, however there are no facts alleged that would lead the Court to apply the statute. Additionally, application of the cited statute is not contemplated in the context of an *ex parte* request. Simply, there are no facts alleged which would mandate the action Movant is seeking.

Paragraph 7. is a generally accurate statement of Abrial's law. However, there are no facts alleged within the Motion with adequate specificity to require the Court to apply it.

Paragraph 8. is also a conclusory statement that alleges no facts in support of Movant's requested relief.

As to the remaining paragraphs, the Court finds that there are no facts alleged in these paragraphs that are not conclusory statements. Again, the Court finds that there are no facts alleged in these paragraphs which should give rise to this Court granting *ex parte* relief.

The Court further finds that all these same allegations against Respondent have been raised in prior hearings and ruled upon by the Court.

The Court specifically finds that Rule 65.04(1) of the Rules of Civil Procedure does not mandate a hearing on the matter.

Therefore, the Court respectfully denies the *ex parte* relief requested by Movant in her "Verified Emergency Motion For Ex Parte Temporary Restraining Order, Motion To Compel Hearing, And Motion For Reconsideration".

Further, regarding Movant's "Motion To Grant Ex Parte Temporary Restraining Order And Set Expedited Hearing" which the Court summarily denied on August 1, 2025. The Court holds that Movant did not comply with the requirements in Tennessee Rules of Civil Procedure, Rule 65.03 1,(A) and the provisions requiring Movant to allege specific facts that clearly show that immediate and irreparable injury, loss, or damage will result to the Movant or the children. This she did not do and therefore, the Court denied the application for *ex parte* relief.

**Case Title:** HEATHER HOWSE ROHMFELD (et. al) vs MATTHEW ROHMFELD

**Case Number:** 18CV-1946

**Type:** JUDGE PREPARED ORDER

IT IS SO ORDERED.

J. B. COX, JUDGE

Electronically signed on 2025-08-11 11:48:32    page 4 of 4

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing  JUDGE PREPARED ORDER

has been delivered to:


Electronic Notification:

> ALLISON RENFRO for MATTHEW ROHMFELD
> Email: ALLISON RENFRO
> allisonrenfroalty@gmail.com
> Address: ALLISON RENFRO
> 119 North Maple Street
> MURFREESBORO, TN 37130
>
> WHITNEY RAQUE for HEATHER ROHMFELD
> Email: WHITNEY RAQUE
> whitney@atennesseelawyer.com
> Address: WHITNEY RAQUE
> 218 WEST MAIN STREET
> Murfreesboro, TN 37130
>
> HEATHER ROHMFELD
> Email: HEATHER ROHMFELD
> H.Nelsen@yahoo.com
> Address: HEATHER ROHMFELD
> 3319 EDMONDSON COURT
> Murfreesboro, TN 37129


Traditional Mail:


on    08/11/2025                         .


### Raechelle Wilson

Deputy Clerk and Master

ELECTRONICALLY FILED
2025 Aug 14 3:26 PM - 18CV-1946
Adam T. Dodd, Clerk & Master



## IN THE CHANCERY COURT FOR RUTHERFORD COUNTY, TENNESSEE
## AT MURFREESBORO

**Heather Neisen, Petitioner**

v.

**Matthew Rohmfeld, Respondent**

Case No.: 18CV-1946

### EX PARTE MOTION FOR CLERK REFERRAL TO DUTY JUDGE FOR EMERGENCY HEARING

**COMES NOW** the Petitioner, Heather Neisen, pursuant to **Tenn. R. Civ. P. 65.04**, local court practice, and the Court's inherent authority to protect the best interest of minor children, and respectfully moves the Clerk & Master to immediately refer Petitioner's pending emergency motion to the **duty judge** or any other available judge authorized to hear emergency matters **on an ex parte basis**.

**1. Ex Parte Nature of Request**

1. Petitioner seeks immediate ex parte relief due to the **imminent and irreparable harm** to the minor children and Petitioner if relief is delayed until the opposing party can be heard.

2. **Tenn. R. Civ. P. 65.04(1)** permits ex parte relief upon specific factual showings that immediate and irreparable injury will result before the adverse party can be heard in opposition.

**2. Grounds for Referral**

3. This Court has already been made aware of:

   o The **fraudulent child trafficking court order** issued by former Judge Bonita Jo Atwood;

   o The **extended wrongful removal** of the minor children from their safe and fit parent;

   o **Egregious abuses** by Respondent, including sexual assaults, strangulation, physical assaults, custodial interference, falsification of records, and deliberate interference with ADA accommodations;

   o The continued **exploitation of mother and child trauma for profit**, resulting in severe harm to the family.

4. These facts trigger **Tenn. Code Ann. § 36-6-112(a)** ("Abrial's Law") and **Tenn. Code Ann. § 36-6-106(a)**, which mandate the Court to consider such abuse in custody and parenting matters.

5. Chancellor J.B. Cox has declined to grant emergency relief or set a hearing despite statutory urgency.

**3. Necessity of Immediate Assignment**

6. Referral to the duty judge is necessary to prevent further irreparable harm and to ensure the statutory and constitutional mandates are met.

7. Rule 65.04 expressly authorizes presentation to "any judge" when the assigned judge is unavailable or unwilling to act on emergency matters.

**4. Relief Requested**

Petitioner respectfully requests that the Clerk & Master:
A. Immediately refer Petitioner's emergency motion to the duty judge or another available judge for immediate ex parte consideration;
B. Schedule and hold an **emergency hearing no later than August 15, 2025**; and
C. Grant such further relief as the Court deems just and proper.

**Respectfully submitted,**

08/14/2025

Heather Neisen

**CERTIFICATE OF SERVICE**
**EX PARTE – No notice provided pursuant to Tenn. R. Civ. P. 65.04(1) due to imminent and irreparable harm.**

ELECTRONICALLY FILED
2025 Aug 26 10:03 AM - 18CV-1946
Adam T. Dodd, Clerk & Master



## IN THE CHANCERY COURT FOR RUTHERFORD COUNTY, TENNESSEE
## AT MURFREESBORO

**HEATHER NEISEN,**
    Petitioner,

v.                      No. 18CV-1946

**MATTHEW ROHMFELD,**
    Respondent.

### VERIFIED OBJECTION AND MOTION TO RECONSIDER / MODIFY ORDER ENTERED AUGUST 15, 2025

COMES NOW Petitioner, Heather Neisen, and respectfully objects to and moves this Court to reconsider, amend, or modify its August 15, 2025 Order denying Petitioner's Ex Parte Motion filed August 14, 2025, and states as follows:

### I. Background and Qualifications of Petitioner

1. Petitioner is a mother with more than twenty years of experience in childrearing, childcare, pedagogy, mental health, and community care, and holds a doctorate-level education in education, counseling and community care.

2. Petitioner has consistently acted as the children's safe, protective, and primary caregiver, ensuring their stability, health, and development.

3. Despite this, Petitioner has been wrongfully deprived of her children, who were placed with an abusive parent — a decision that directly undermines their safety and best interests.

### II. Ex Parte Filing for Child Safety

4. This motion was filed Ex Parte because of urgent safety concerns. Respondent has a pattern of abusive conduct, and delay in court intervention exposes the children to ongoing danger.

5. Removal of children from their safe, protective mother is one of the most dangerous and destabilizing acts a court can permit. Studies confirm that wrongful maternal separation produces:

    o   Severe psychological trauma,

    o   Attachment disruption,

    o   Increased vulnerability to abuse, and

    o   Long-term academic, behavioral, and emotional harm.

6. Each day these children remain separated from their mother magnifies the harm and places them at **irreparable risk**.

### III. New and Material Facts After April 29, 2024

Contrary to the Court's finding, Petitioner has provided new, material evidence arising after April 29, 2024, including:

a. **Custodial Interference and Contempt** — Respondent has repeatedly violated court orders, obstructing parenting time.

b. **Dangerous Separation from Mother and Siblings** — The children have been cut off not only from their mother but also from their siblings, including a newborn sibling they have never met. This fractured maternal bond is dangerous to their health and well-being.

c. **Documented Decline in Well-Being** — Since removal, the children have demonstrated academic regression, behavioral disturbances, and engagement in unsafe behaviors — all evidence of harm.

d. **Denial of Disability Rights** — Miranda's Section 504 Plan has been ignored, constituting ongoing **ADA and Section 504 violations** and placing her education and mental health in jeopardy.

e. **Fraudulent Records** — Newly discovered **falsified school documents** further prove misconduct and fraud upon the court.

f. **Good-Faith Compliance by Petitioner** — Petitioner has gone above and beyond in attempting compliance with impossible, coercive orders, further underscoring the injustice of continued separation. Counsel for Respondent (Allison Renfro) was contacted about this prior by a supervisor at DePriest and chose to ignore the situation.

### IV. Fraud Upon the Court and Judicial Knowledge

7. Chancellor Cox has acknowledged on record that he has reviewed all filings in this case. If true, then he is aware of the extensive fraud upon the court, falsified evidence, and misrepresentations documented throughout the record.

8. Having knowledge of fraud, the Court has an affirmative duty to act to protect the children and to prevent the perpetuation of unlawful orders.

### V. Legal Errors and Due Process Concerns

9. The Court erred in finding that "no new facts" exist. The foregoing constitute ongoing, emergent dangers since April 29, 2024.

10. **Best Interest Mandate** — Tennessee Code Annotated § 36-6-106 requires that the safety and best interests of children take precedence over procedural constraints or deference to prior orders.

11. **ADA Violations** — The Court cannot condition visitation or custody on a perceived disability or compel unsubstantiated, non-existent treatment. Such conditions violate Title II of the ADA (*Tennessee v. Lane*, 541 U.S. 509 (2004)) and fundamental parental rights (*Troxel v. Granville*, 530 U.S. 57 (2000)).

12. **Abrial's Law** — Since April 29, 2024, Abrial's Law has been expanded and reinforced, underscoring Tennessee's heightened recognition of domestic violence and post-separation abuse. The Court must apply these current protections.

13. **Void and Fraudulent Orders** — Any order entered in violation of due process, ADA rights, or obtained by falsified evidence is subject to challenge as void, voidable, unconstitutional, or procured by fraud upon the court.

## VI. Demand for Immediate Relief and Judicial Refusal

14. Children cannot be left in the custody of an abuser when a safe, protective, and qualified mother is available. To do so constitutes judicially sanctioned child endangerment.

15. If the children are not returned to their mother this week, Petitioner demands judicial recusal or reassignment to a judge who will uphold constitutional mandates, child safety standards, and Tennessee law.

## VII. Relief Requested

WHEREFORE, Petitioner respectfully requests that this Court:

1. Vacate or modify its August 15, 2025 Order;

2. Recognize and consider the new, material facts arising after April 29, 2024;

3. Affirm that visitation and custody cannot be conditioned on a perceived disability or coerced treatment;

4. Apply Abrial's Law in evaluating risks and protective measures;

5. Acknowledge Chancellor Cox's on-record statement confirming he has reviewed all filings and is therefore aware of fraud upon the court;

6. Set this matter for an expedited hearing, prioritizing child safety and best interests above all else;

7. If relief is not granted, issue an order of judicial recusal or reassignment;

8. Grant such other and further relief as justice requires.

**VERIFICATION**

I, Heather Neisen, verify under oath that the factual allegations herein are true and correct to the best of my knowledge, information, and belief.

Heather Neisen, Petitioner

Date: _August 26, 2025__

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served this _26th_ day of August 2025 via E-File / E-file to all counsel of record.



H. Neien
3319 Edmondson
Murfreesboro, TN
37129

U.S. District Court
@ Nashville
Court Clerk
Nashville, TN
37203

Retail

U.S. POSTAGE PAID
FCM LG ENV
SMYRNA, TN 37167
SEP 18, 2025

37203

$4.14

RDC 99

S23324M501877-13

Ready ost.