# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| HEATHER NEISEN, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No. 3:25-cv-1072** |
| v. ) | |
| ) | |
| RUTHERFORD COUNTY, ) | |
| TENNESSEE, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Heather Neisen, a resident of Murfreesboro, Tennessee, filed a pro se, in forma pauperis complaint pursuant to 42 U.S.C. § 1983 against Rutherford County, Tennessee; Rutherford County Chancery Court; Chancellor J.B. Cox; and Adam T. Dodd. (Doc. No. 1). She subsequently filed an Amended Complaint (Doc. No. 8), a "Renewed Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. No. 9), an "Emergency Notice to Set Hearing Within 7 Days" (Doc. No. 10), a letter (Doc. No. 11), and a "Notice of Filing Order Denying Defendants' Opposition" (Doc. No. 12).

## I. BACKGROUND

By Memorandum Opinion and Order entered on September 24, 2025, the Court granted Plaintiff's Application for Leave to Proceed In Forma Pauperis ("IFP Application") and denied her request[1] for a temporary restraining order ("TRO") and preliminary injunction ("PI") without

---

[1] Plaintiff made these requests within the complaint. She did not file separate motions seeking this relief until September 24, 2025.

1

prejudice. (Doc. No. 5). The Court further found that this case is subject to dismissal but gave Plaintiff an opportunity to file an amended complaint within 30 days. (Id.)

On the same day, after the Court's entry of the above Memorandum Opinion and Order, Plaintiff filed a Motion for TRO and PI. (Doc. No. 6). By Order entered on September 26, 2025, the Court denied both motions without prejudice. (Doc. No. 7).

## II. RENEWED TRO MOTION

Presently before the Court is Plaintiff's "Renewed Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. No. 9). In the motion, Plaintiff acknowledges the Court's denial without prejudice of her previous TRO motion and states that she "has now filed her Amended Complaint . . . which cures the deficiencies identified by the Court." (Id. at 1). However, Plaintiff again fails to comply with the procedural rules for filing a TRO motion.

A TRO movant must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, Kentucky v. U.S. ex rel. Hagel, 759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); see also M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice

2

provision by pro se moving parties). Even though Plaintiff is proceeding pro se, she must follow the procedural requirements.

Here, although Plaintiff's initial complaint was verified, her Amended Complaint is not. (See Doc. No. 8). Neither has Plaintiff filed an affidavit, so her TRO motion fails to comply with Federal Rule of Civil Procedure 65(b)(1)(A) and Local Rule 65.01(b). Additionally, Plaintiff has not given notice to Defendants of her efforts to obtain a TRO. In the Certificate of Service appended to her Amended Complaint, Plaintiff asks the Clerk of Court to forward her Amended Complaint, TRO motion, and other documents "for service upon Defendants" because Plaintiff was granted pauper status. (Doc. No. 8 at 4). Plaintiff misunderstands the effects of having been granted pauper status. Pauper status affords Plaintiff the privilege of the United States Marshal Service serving her complaint on Defendants at no cost to Plaintiff, if Plaintiff completes certain steps first. However, pauper status does not mean that Plaintiff can utilize the United States Marshal Service for serving other court filings on Defendants. Because Plaintiff's Certificate of Service reflects that she was erroneously relying on the United States Marshal Service to serve her Amended Complaint and TRO motion on Defendants, Plaintiff has not shown that Defendants are on notice of her request for a TRO. Plaintiff offers reasons why she believes she should not be required to provide notice (see Doc. No. 9 at 2), but the Court need not address those reasons because the Court would not grant the TRO motion even if it was procedurally compliant.

Moreover, the Court already has determined that, even if Plaintiff's earlier-filed TRO motion (which is nearly identical to her instant TRO motion) was procedurally compliant, the Court would not grant it. (See Doc. No. 7 at 2). That was because 1) Younger abstention applies, which bars the Court from hearing Plaintiff's case at this time, and 2) Rooker-Feldman requires the dismissal of this action to the extent the Amended Complaint seeks to reverse the outcome of

Plaintiff's state-court child custody proceedings. (Id. at 2-4). Plaintiff's instant TRO motion makes the same arguments as her previous one, and Plaintiff does not challenge the Court's decision with respect to the application of Younger and Rooker-Feldman. Accordingly, the Court will deny Plaintiff's Motion for TRO. (Doc. No. 9).

### III. RENEWED MOTION FOR PRELIMINARY INJUNCTION

Plaintiff's "Renewed Emergency Ex Parte Motion for . . . a PI" is substantively identical[2] to her previous PI Motion. (Doc. No. 9). When the Court denied the earlier PI motion, the Court noted that the current record did not make clear whether Plaintiff continues to be engaged in state-court proceedings concerning the custody of her minor children. (Doc. No. 5 at 5 n.1). The Court found that, to the extent any state-court proceedings were ongoing, Plaintiff was not entitled to the requested preliminary injunction because she could not show that she had a strong likelihood of success on the merits of her claims; Younger abstention applied if her state-court case was ongoing. (Id. at 5-7).

The Court also found that, to the extent that Plaintiff's lawsuit is an attempt by her to modify an existing final divorce degree and court order, the domestic relations exception precludes the Court from entertaining such a lawsuit. (Id. at 7-8).

Finally, the Court found that, to the extent the state-court proceedings have concluded and the complaint seeks to reverse the outcome of Plaintiff's state-court child custody proceedings, such claims fall squarely within the scope of Rooker-Feldman. (Id. at 8-9).

Plaintiff has presented no new argument or facts that alter the Court's prior reasoning and decision. Her PI Motion (Doc. No. 9) will be denied.

---

[2] The motions are nearly identical in substance; they simply use different fonts, spacing, use of bold for emphasis, etc.

## IV. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

The Court must dismiss any action filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In doing so, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

As the Court noted in its previous Order (Doc. No. 5 at 5), the record before the Court at that time did not make clear whether Plaintiff was engaged in state-court proceedings concerning the custody of her minor children. The Court therefore ruled as follows:

> For the same reasons Plaintiff's requests for a TRO and preliminary injunction are denied, this case is subject to dismissal. Considering Plaintiff's pro se status, however, the Court will give Plaintiff an opportunity to file an amended complaint. To proceed with this case, she **MUST** provide additional information regarding her underlying state-court proceedings in a motion to amend her complaint and a proposed amended complaint no later than 30 days after the entry of this Memorandum Opinion and Order. All claims should be set forth in proposed amended complaint; Plaintiff cannot incorporate by reference her prior allegations. Plaintiff is advised that failure to comply with these instructions may result in the dismissal of this case.

(Doc. No. 5 at 9).

Plaintiff responded by filing an Amended Complaint in which she acknowledges that she "has been engaged in ongoing custody litigation in Rutherford County Chancery Court, Case No. 18CV-1946.) (Doc. No. 8 at 2). The Court has independently verified that the decision in that case, Heather Rohmfeld Neisen v. Matthew Rohmfeld, is on appeal to the Tennessee Court of Appeals. Briefing was completed on July 10, 2025, and the case was submitted on the briefs on August 4, 2025.

As the Court has explained previously, a federal court must abstain pursuant to Younger v. Harris, 401 U.S. 37 (1971), upon fulfillment of three requirements: "(1) there must be [related] ongoing state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." O'Neill v. Coughlan, 511 F.3d 638, 643 (6th Cir. 2008).

First, Plaintiff's related state judicial proceedings are ongoing.

Second, there is no question that a state case concerning custody and education of children, such as Plaintiff's case, implicates important state interests. See Carter v. Tenn. Dep't of Children's Servs., et al., No. 3:22-cv00247, 2023 WL 2027804, at *4 (M.D. Tenn. Feb. 15, 2023) ("Several cases . . . have found that civil proceedings involving family law and adjudicating parental rights likewise implicate important state interests for the purposes of Younger abstention.") (citations omitted).

Third, Plaintiff has not shown that "state law bar[s] the presentation of [her] . . . constitutional claims." Carter, 2023 WL 2027804, at *5 (citing Squire v. Coughlan, 469 F.3d 551, 557 (6th Cir. 2006); Furr-Barry v. Underwood, 59 F. App'x 796, 797-98 (6th Cir. 2003)). While Plaintiff alleges that Defendants deprived Plaintiff of due process and equal protection in her state-court proceedings (see Doc. No. 8 at 2), she fails to allege that the state court has barred her from

6

presenting constitutional claims. Instead, she disagrees with the court's prior rulings and argues that the state-court judge has not provided reasonable accommodations for her disabilities. Without argument from Plaintiff to the contrary, it appears that Plaintiff continues to have the opportunity to bring her claims through higher state court channels, such as the Tennessee Court of Appeals, prior to bringing her claims in federal court. Therefore, Plaintiff has an adequate opportunity to have her claims heard in the related ongoing state-court proceedings. See Lloyd v. Doherty, No. , 2018 WL 6584288, at *3 (6th Cir. Nov. 27, 2018) (finding that all three Younger conditions were satisfied where Lloyd "did not allege any facts indicating that she would not have an adequate opportunity to raise her constitutional claims in the state appellate courts" and the court "presumed that the state courts are able to protect the interests of the federal plaintiff"). Younger abstention therefore applies here.

Plaintiff has not demonstrated that an exception to Younger abstention applies. The three recognized exceptions to Younger abstention are: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," Huffman v. Pursue, Ltd., 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," Moore v. Sims, 442 U.S. 415, 424 (1979) (quoting Huffman, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," Kugler v. Helfant, 421 U.S. 117, 125 (1975). Doe v. Lee, No. 3:20-cv-00610, 2020 WL 4926607, at *3 (M.D. Tenn. Aug. 21, 2020). Both the Supreme Court and the Sixth Circuit have interpreted the exceptions narrowly, and the burden is on the plaintiff to demonstrate the existence of at least one of the exceptions to the Younger abstention doctrine. Id. (citing Gorenc v. City of Westland, 72 F. App'x 336, 338-39 (6th Cir. 2003); Squire, 469 F.3d at 552). Plaintiff has not met this burden. Therefore, Younger abstention remains appropriate.

The Court must next decide whether to stay the federal action while the state action remains pending or, in the alternative, to dismiss Plaintiff's federal claims without prejudice. Federal courts generally favor staying the federal proceedings over dismissing them in cases involving Section 1983 claims for damages in which the federal court determines that the doctrine of <u>Younger</u> abstention applies. <u>See</u> <u>Carroll v. City of Mount Clemens</u>, 139 F.3d 1072, 1075-1076 (6th Cir. 1998) (remanding "in the interests of caution" a case subject to <u>Younger</u> abstention with instructions to the district court to stay the federal proceedings to protect plaintiff, who was seeking damages, from possible statute-of-limitations issues she may face if her claims instead were dismissed).

The Amended Complaint requests "nominal, compensatory, and punitive damages as permitted by law." (Doc. No. 8 at 3). Given Sixth Circuit precedent on the matter, the Court will stay this action rather than dismissing it.

## V. CONCLUSION

For the reasons explained above, Plaintiff's "Renewed Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. No. 9) is **DENIED**.

This action is hereby **STAYED** until resolution of the related ongoing state-court proceedings.

The Clerk **SHALL** administratively close this case.

Plaintiff[3] **SHALL** notify the Court in writing within 14 days after the resolution of the state-court proceedings, at which point the case may be re-opened if appropriate.

---

[3] The Court notes that Defendants have not yet been served. Therefore, the responsibility to notify the Court of the resolution of the state-court proceedings falls exclusively to Plaintiff.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE