| | | |
|---|---|---|
| **HEATHER NEISEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-01072** |
| | ) | |
| **RUTHERFORD COUNTY,** | ) | |
| **TENNESSEE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Heather Neisen, a resident of Murfreesboro, Tennessee, filed a pro se, in forma pauperis Amended Complaint alleging violations of 42 U.S.C. §§ 1983, 12132, 12203; 29 U.S.C. § 794; and "ADA Title II and Section 504," as well as violations of state law, against Rutherford County, Tennessee; Bonita Jo Atwood; J.B. Cox; Adam T. Dodd; Sonya Stephenson; Allison Renfro; and Catherine Mekis. (Doc. No. 25.) Pending before the Court is Neisen's Emergency Ex-Parte Motion for Temporary Restraining Order ("TRO Motion") (Doc. No. 26), Emergency Motion for Immediate Consideration (Doc. No. 32), Emergency Motion to Seal (Doc. No. 33), and Emergency Motion to Lift Stay and Reopen Case (Doc. No. 35.)

### I. EMERGENCY MOTIONS (DOC. NOS. 26, 32, 35)

In Neisen's Emergency Motion for Immediate Consideration (Doc. No. 32), she requests that this Court immediately review and rule on the TRO Motion (Doc. No. 26.) Neisen's Emergency Motion for Immediate Consideration (Doc. No. 32) is **GRANTED** insofar as the Court rules on it herein.

As before, Neisen's TRO Motion (Doc. No. 26) and Emergency Motion to Lift Stay and Reopen Case (Doc. No. 35) fail to state or even suggest that the related ongoing state-court

1

proceedings are resolved, which was required by the Court's Orders on October 9, 2025 (Doc. No. 13), October 23, 2025 (Doc. No. 19), and October 31, 2025. (Doc. No. 22.). Given that the case remains stayed and Neisen has not fulfilled the requirements for lifting the stay, the Court **DENIES** Neisen's TRO Motion (Doc. No. 26) and the Emergency Motion to Lift Stay and Reopen Case (Doc. No. 35) is **DENIES WITHOUT PREJUDICE**.

## II. MOTION TO SEAL (DOC. NO. 33)

Neisen has filed an Emergency Motion to Seal (Doc. No. 33.) Local Rule 5.03 requires that any party requesting that documents or portions of documents be sealed must comply with Section 5.07 of Administrative Order No. 167-1 and Local Rule 7.01. These rules require the movant to file a motion for leave to file the document(s) under seal and to demonstrate "compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons by specifically analyzing in detail, document by document, the propriety of secrecy, providing factual support and legal citations." M.D. Tenn. Local Rule 5.03(a). Although Neisen has filed the required Motion, she has not made the requisite showing. Her Motion does not provide the required specificity or the factual and legal support for the request to seal.

"It would be easy—in the interest of judicial economy, one might say—to grant a sealing motion when no party objects." Lewis v. Smith, No. 2:20-cv-3461, 2020 WL 6044082, at *3 (S.D. Ohio Oct. 13, 2020). "But a court should not, indeed cannot, grant a motion to seal simply because it is easy and convenient to do so." United States v. Campbell, No. 1:19-cr-25, 2021 WL 1975319, at *1 (S.D. Ohio May 18, 2021). Instead, a court evaluating a motion to seal must consider the weighty public interests in judicial transparency and open access to court records. Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016). As the Sixth Circuit recently explained, "a court's obligation to explain the basis for sealing court records is independent of

2

whether anyone objects to it." Id. at 306. Here, because no Defendants have been served yet, they have not had the opportunity to object to Neisen's Motion. However, the Motion will be denied for other reasons.

Here, Neisen alleges that the "Emergency Ex Parte TRO submissions contain confidential personal information," such as "disability-related and ADA accommodation information, references to trauma, psychological harm, and medical-related safety barriers, and facts concerning retaliation, coercion, and threats that could increase danger to Plaintiff if publicly disclosed." (Doc. No. 33 at PageID# 1.) Neisen argues that the aforementioned personal information is protected from public dissemination under federal law, that public access would undermine the purpose of her emergency motions, that redaction would impair the Court's understanding of the issues presented, and that her request is narrowly tailored, seeking to seal only certain documents as opposed to the entire case. (Id. at PageID# 1-2.)

"Courts in this circuit recognize that 'plaintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have otherwise had.'" Doe v. Brooks Automation US LLC, No. 3:24-CV-01284, 2025 WL 936659, at *4 (M.D. Tenn. Mar. 27, 2025) (quoting Chibbaro v. Everett, Case No. 3:20-cv-00663, 2022 WL 20402877, at *3 (M.D. Tenn. Mar. 23, 2022)). Neisen has placed information such as her disability and ADA claims at issue here. (Doc. Nos. 25 & 33.)

Additionally, conclusory allegations of injury are insufficient to overcome the presumption in favor of public access. Brown & Williamson Tobacco Corp. v. Federal Trade Comm'n, 710 F.2d 1165, 1179-80 (6th Cir. 1983) (citing Joy v. North, 692 F.2d 880, 884 (2d Cir. 1982)) ("A naked conclusory statement that [disclosure will injure a producing party] . . . falls woefully short

of the kind of showing which raises even an arguable issue as to whether it may be kept under seal.").

Without more, the reasons provided by Neisen in support of her request to seal do not justify non-disclosure of judicial records. "Only the most compelling reasons can justify non-disclosure of judicial records." In re The Knoxville News-Sentinel Co., Inc., 723 F.2d 470, 476 (6th Cir. 1983) (citing Brown & Williamson Tobacco Corp., 710 F.2d at 1179-80).

Neisen elected to initiate this lawsuit. Neisen's request to file this case under seal (Doc. No. 33) is **DENIED WITHOUT PREJUDICE**.

Again, this case remains stayed and administratively closed for the reasons in the Court's October 9, 2025, Memorandum Opinion and Order that requires Neisen to notify the Court in writing within **14 DAYS** after the resolution of her state-court proceedings. Neisen is advised that frivolous and/or duplicative filings may subject her to sanctions by the Court not limited to monetary sanctions or the dismissal of this case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE